In the Matter of Max Torchin et al., Appellants, against
S. Howard Cohen et al., Constituting the Board of
Elections of the City of New York, Respondents.

Robert H. Haskell et al., Respondents.

In the Matter of Robert H. Haskell, Respondent.

Max Torchin et al., Appellants; Francis D. McGarey,
Respondent.

Argued October 23, 1941; decided October 24, 1941.

*Charles H. Kelby* and *A. David Benjamin* for appellants.
The primary power to fill the vacancy was vested in the
county committee newly elected at the primaries held
on September 16, 1941. Its action was controlling over
any action of all of its subordinate committees, including
the executive committee. (*Matter of Simpson* v. *Cohen*,
173 Misc. 372; *Matter of Gresser* v. *Cohen*, 252 App. Div.
772; 275 N. Y. 440.) The meeting of the county com-

mittee held on October 6, 1941, was a valid one and the nomination of appellant Miller thereat to fill the vacancy in the office of Surrogate was legal. (*Matter of Joslin,* 73 Misc. Rep. 354.)

*Israel Convisser, Marvin B. Amster* and *Louis P. Goldberg* for Robert H. Haskell, respondent. The executive committee of the Kings county committee had the power to fill the vacancy for the office of Surrogate and its nomination of respondent Haskell for that office was effective. (Cons. Laws, ch. 17, § 131, subd. 7; *Matter of Greenberg* v. *Cohen,* 173 Misc. Rep. 372; 258 App. Div. 1039; *Matter of Gresser* v. *Cohen,* 275 N. Y. 440.) Timely notice was not given for the meeting of October 6. · The meeting was, therefore, invalid. (*Matter of Keller,* 116 App. Div. 58; *Davison* v. *Parke, Austin & Lipscomb, Inc.,* 165 Misc. Rep. 32.)

*Jackson A. Dykman* and *E. Ivan Rubenstein* for Francis D. McGarey, respondent. Unless Robert H. Haskell has been duly nominated, there is a vacancy in the nomination of the American Labor Party for the office of Surrogate of Kings county. (*Matter of Simpson* v. *Cohen,* 173 Misc. Rep. 372; 258 App. Div. 1039; *Matter of Greenberg* v. *Cohen,* 173 Misc. Rep. 405; *Matter of Gresser* v. *Cohen,* 275 N. Y. 440.)

*Per Curiam.* The county committee of the American Labor Party was elected on September 16, 1941. The Election Law (Cons. Laws, ch. 17) provides that " a vacancy in a nomination made at a fall primary  *  *  * may be filled by a majority of a quorum of the members of the county committee or committees last elected  *  *  * or by a majority of such other committee as the rules of the party may provide." (§ 139.) The rules of the party provide that all nominations to fill vacancies in nomination for public elective office or to fill vacancies in public elective office which may be made by any party committee within the county shall be made only by the county executive committee. Under the authority conferred by that rule, the executive committee of the county committee, elected

in 1940, undertook to fill vacancies. The Election Law provides that members of the county committee " shall hold office until the election of their successors." (§ 13.) The newly elected county committee is required by the statute to hold an organization meeting within twenty days after its election. (§ 15.) No organization meeting was called in accordance with the statute or with the rules of the party within the required time.

The rules of the American Labor Party also provide that the officers and standing committees chosen under these rules shall hold office and serve from the time of their selection until their successors are chosen. That rule could not give authority to the executive committee of the old county committee to make nominations after their successors as members of the county committee had been elected. The statute provides otherwise. It follows that the nomination of Robert H. Haskell was invalid. The question remains whether the nomination of William Stanley Miller made at the meeting, held pursuant to the order of the court on October 6th, was valid. The Appellate Division modified that order and for the reasons stated in the order of modification, we hold that the meeting was invalid and that no nominations which were attempted to be made at that meeting were valid.

The order in so far as it grants the petition of Robert H. Haskell should be reversed.

The order in so far as it affirmed the order denying the petition of Torchin and Miller should be affirmed.

CONWAY, J. (dissenting). I agree with Judges FINCH and RIPPEY that the meeting of October 6, 1941, was invalid but it seems to me that the petitioner Haskell was properly named to fill the vacancy caused by the declination of Bagley.

The Election Law (§ 139) provides for the filling of vacancies by a majority of a quorum of the members of the county committee or committees last elected in the political subdivision in which such a vacancy occurs or by a majority

of such other committee as the rules of the party may provide.

By the rules of the American Labor Party it is provided in article VII, section 2: " All nominations to fill vacancies in nominations for public elective office or to fill vacancies in public elective office which may be made by any Party Committee, within the County, shall be made *only* by the County Executive Committee." (Emphasis supplied.)

Article II, section 4, of the rules provides: " The County Committee shall meet within twenty days after its election for the purpose of organization. It shall elect its officers and a County Executive Committee, and transact such business which may come before it."

Article IV, section 1, of the rules provides: " The County Executive Committee shall have the power to act for the full County Committee, but subject to its rules and approval. It shall carry out the resolutions of the County Committee, and shall between the meetings of the Committee administer the affairs and business and carry on the work and activities of the American Labor Party within the County, and perform and exercise all of the functions, powers, rights, privileges, and duties of the County Committee. Its decisions and determinations shall be final unless reversed or disapproved by the County Committee."

Article II, section 8, of the rules provides: " The officers and the Standing Committees chosen under these rules and regulations shall hold office and serve from the time of their selection until their successors are chosen."

Passing the question of whether the notice of the meeting of October 6, 1941, was a timely one and the question whether the meeting was called by the person or persons authorized to call a meeting of the county committee, two things are clear: The county executive committee as the chief standing committee chosen under the rules and regulations of the American Labor Party continued to hold office and serve from the time of its selection until its successor was chosen. Second, under the rules and regulations the county executive committee *alone* had power to fill vacancies.

Even assuming, therefore, that the meeting of October 6th was properly held, since no new executive committee of the new county committee was chosen thereat, the executive committee which named the petitioner Haskell to fill the vacancy caused by the declination of Bagley was vested with power to fill the vacancy and still continues to be the executive committee of the county committee of Kings county of the American Labor Party and will so continue until its successor is chosen. No attempted rescission or revocation by the new county committee of the action taken by the executive committee in filling the vacancy could in and of itself affect the action of the executive committee. The party by its rules and regulations and the applicable provisions of the Election Law (§ 131, subd. 7, and § 139) had vested power to fill vacancies in the executive committee *alone* and provided that that executive committee should continue in office until its successor was chosen. There never has been any successor chosen. The sole power to fill the vacancy resides in the *only* existent executive committee of the party and that is the committee which nominated the petitioner Haskell to fill the vacancy. If it does not exist in that committee, it exists nowhere. To say that the power does not exist anywhere, would be to leave the American Labor Party without a candidate for Surrogate. This court said in *Matter of Gresser* v. *Cohen* (275 N. Y. 440, 445): " We have reached the conclusion that where a vacancy has occurred and the County Committee has failed to exercise its powers conferred by rule 14, to fill such vacancy, and is not in session, that the Executive Committee, under rule 10, possesses the power to fill such vacancy. Otherwise, one of the two dominant political parties would be in the position of not having a candidate nominated upon the ballot for the office in which a vacancy has occurred, which would be contrary to the spirit and policy of our Government and the Election Law." That statement is applicable here.

The American Labor Party was permitted under the Election Law to provide for the filling of vacancies by a majority of such committee as the rules of the party might provide. The party has so provided. Under the Election Law (§ 15) those rules must remain in force until they are amended or new rules adopted.

The order of the Appellate Division should be affirmed.

LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur in the opinion *Per Curiam* in so far as it affirms the order denying the petition of Torchin and Miller; LEHMAN, Ch. J., and LEWIS, J., dissent on the ground that the neglect of the officers of the old committee to call a meeting of the new county committee for the purpose of electing an executive committee within the time allowed by law made strict compliance with the rules of the American Labor Party governing nomination impossible since the time to make nominations expired on the 6th day of October, 1941, and, therefore, only substantial compliance could be exacted.

LEHMAN, Ch. J., FINCH, RIPPEY and LEWIS, JJ., concur in the opinion *Per Curiam* in so far as it reverses the order of the Appellate Division which affirmed that part of the order of Special Term granting the petition of Robert H. Haskell; LOUGHRAN, CONWAY and DESMOND, JJ., dissent in opinion by CONWAY, J.

Ordered accordingly.