In the Matter of Thomas W. Ryan et al., Respondents, v. Robert W. Grimm, Individually and as Chairman of the Republican County Committee of Erie County, et al., Appellants, and James R. Lawley et al., Constituting the Board of Elections of Erie County, et al., Respondents.

Fourth Department, December 3, 1964.

*McDonough, Boasberg, McDonough & Beltz (Charles J. McDonough* of counsel), for Robert W. Grimm and others, appellants.

*Emil L. Cohen* and *Richard F. Griffin (Emil L. Cohen* of counsel), for Thomas Ryan and others, respondents.

*Norman A. Stiller* for James R. Lawley and another, respondents.

*Louis J. Lefkowitz, Attorney-General,* for John P. Lomenzo, Secretary of State of the State of New York, respondent.

BASTOW, J. P. The officers purportedly elected at an organization meeting of the Erie County Republican Committee appeal from an order declaring null and void such election and directing

a new meeting and election. Ten of the petitioners are members of such committee and the remaining three were unsuccessful candidates at the meeting for election to various committee offices.

Upon proper factual findings subdivision 2 of section 330 of the Election Law vests in the Supreme Court summary jurisdiction to grant the relief here afforded petitioners (*Matter of Crawford* v. *Cohen*, 291 N. Y. 98; *Matter of Branch*, 277 App. Div. 1018). We find abundant proof in the record to support the order of Special Term and briefly state our reasons.

Section 15 of the Election Law (subd. 1) mandates that each county committee within 20 days after its election shall " meet and organize by the election " of named officers. It is further provided therein (subd. 2) that any such committee may prepare rules " for the government of the party within its political subdivision " which " shall continue to be the rules for the committee until they are amended or new rules adopted." With some specificity the statute provides for amendment of such rules by a majority of the members present at a meeting at which there is a quorum, provided a copy of the proposed amendment is sent by mail with the notice of the meeting to each member of the committee. The subdivision concludes: " Until the adoption of such rules, the rules of the existing committee, so far as consistent with this chapter, shall continue to be the rules of the party for that political unit."

In 1960 the Erie County Committee, pursuant to authority so granted, had adopted formal rules. Article VIII thereof restates in substance the provision of section 15 relating to amendment of the rules. Section 9 of article II of these rules is entitled " Organization Meeting " and provides, among other things, that the chairman of the outgoing committee shall fix the time and place of the meeting of the newly elected committeemen. The section concludes with the following language: " The following shall be the order of business at the organizational meeting * * * unless changed by majority vote: 1. Call of Roll. 2. Adoption of Rules. 3. Filling of Vacancies. 4. Election of Officers and Committees. 5. New Business. 6. Adjournment."

We believe much of the confusion in the trial and decision of this proceeding and in the presentation of the appeal has been caused by the failure of the parties to recognize certain fundamental principles of parliamentary law here applicable. Broadly speaking, an assembly of persons may be classified as (1) a permanent society; (2) an occasional or mass meeting; and (3) a convention. Again in broad terms a meeting of newly elected county committeemen partakes of the nature of a con-

vention which initially is unorganized and is simply a mass meeting in that when called to order it has no constitution, by-laws, or officers. It must rely for guidance upon the rules adopted by a predecessor committee. It is for this reason that such a mass meeting must follow with precision the procedural steps outlined in the rules for an organization meeting and particularly the order of business. Once an unorganized convention has adopted rules, decided who is entitled to vote (frequently accomplished by a committee on credentials), and elected officers it becomes an organized convention with members, officers and rules and is ready to transact business as a deliberative assembly. (Cf. Robert's Rules of Order Revised for Deliberative Assemblies, pp. 275–298.)

The meeting under consideration failed to observe the required order of business in two important respects. No rules were adopted and vacancies in the committee were not filled. These were basic requirements mandated by the existing rules of the committee. They were separate and distinct from the manner in which business should have been transacted after the meeting had been properly organized. Until rules were adopted as mandated by the committee rules, the meeting was never legally organized. Inasmuch as there must be a new meeting we point out that one recognized way to comply with this requirement is to adopt a resolution that "The rules contained in [specifying the work on parliamentary practice] shall govern this meeting in all cases to which they are applicable, and in which they are not inconsistent with statute or the rules of this committee." (Cf. Robert's Rules, *supra*, p. 268.)

Absent any rules the meeting proceeded in fact as well as in name as an unorganized mass meeting. We cite one instance. One of the petitioners, a committeeman, several times during the meeting raised a point of order. One of the appellants was then presiding. He testified herein that he heard the statement but refused to recognize the committeeman addressing the chair. The transcript of proceedings at the meeting discloses that on one occasion when the point of order was raised the acting chairman told the petitioner "to sit in your regular seat" and another time requested the sergeant at arms to "escort those gentlemen to their seats."

A question of order takes precedence of the pending question, may be raised when another has the floor, requires no second, and may not be amended. It must be decided by the presiding officer without debate, unless in doubtful cases when the question is submitted to the assembly for decision. (Robert's Rules, *supra*, p. 78.) In the absence of any rules the chairman

or acting chairman with impunity could run the meeting in this fashion and formulate so-called rules of his own as the meeting proceeded. A reading of the transcript of what transpired at the meeting discloses that no rules having been adopted the proceedings not unexpectedly resembled in no way those of a deliberative assembly, but rather an unorganized, disorderly mass meeting.

Equally grievous was the failure to comply with the mandated order of business to fill vacancies in the committee. The present and former chairman testified herein that "I decided we wouldn't fill any vacancies." We find no merit to appellants' contention that such action was unnecessary for the reason that section 15 of the Election Law mandates only the election of officers. The same section authorizes the adoption of rules and firmly embedded in the rules of this committee as an order of business was the filling of vacancies.

The total of the weighted vote cast for the office of chairman was 127,416½. Appellants' tally credited their successful candidate with 65,647½ votes, and the unsuccessful petitioner with 61,769 votes, a difference of 3,878½ votes that was corrected during the trial to 3,710½ votes. There were 119 vacancies in the committee representing 8,634½ weighted votes. Subdivision 2 of section 330 of the Election Law authorizes the granting of relief where the "election has been characterized by such * * * irregularities as to render impossible a determination as to who rightfully was * * * elected". The statutory burden is satisfied by showing " (1) that there has been an irregularity, (2) that the result *could* have been affected thereby, and (3) that because of the irregularity it is impossible to determine one way or the other who rightfully were elected." (*Matter of McGuinness* v. *DeSapio*, 9 A D 2d 65, 71, mot. for lv. to app. den. 7 N Y 2d 708.)

We conclude that the meeting was imperfectly organized and that the irregularities therein make it impossible to determine whether or not the several appellants were rightfully elected to the party positions now occupied by them. (Cf. *Matter of Branagan* v. *Todd*, 19 A D 2d 337, affd. 13 N Y 2d 888.)

The orders should be affirmed.

GOLDMAN, HENRY, NOONAN and DEL VECCHIO, JJ., concur.

Orders unanimously affirmed, without costs of these appeals to any party. The meeting is to be held on or before December 23, 1964.