T. Paul Kane, J.
This is a proceeding pursuant to section 330 of the Election Law brought by the candidate for nomination of the Republican party and Liberal party for election to the office of New York State Senator, 40th Senate District, to be voted for at the primary election on June 18, 1968.
On May 15, 1968, a petition was filed with the Secretary of State which purported to designate respondent Julian B. Erway as the candidate for nomination of the Conservative party of New York State for election to the office of New York State Senator, 40th Senate District. On May 17, 1968, within the three-day period provided by section 145 of the Election Law, petitioner filed objections with the Secretary of State, and within six days thereafter, on May 22, 1968, petitioner filed specifications of the grounds of objection, citing several grounds upon which he sought to have the alleged designation declared insufficient, defective and invalid.
The within proceeding, commenced by order to show cause dated May 22,1968, raises the sole question as to whether or not the petition designating respondent Julian B. Erway as candidate for nomination of the Conservative party for election as New York State Senator in the 40th Senate District is valid and filed in accordance with the Election Law. As a duly designated candidate for nomination of the Republican party and Liberal party for election to the office in question, the petitioner is clearly an aggrieved party within the meaning of section 330 of the Election Law (2 Gassman, Election Law, § 124).
Subsequent to the commencement of this proceeding, a hearing on the objections was held by the Secretary of State, and they were determined to be valid, upon the ground that the certificate of authorization was not duly filed in accordance with the Election Law of the State of New York and the rules of the Con *3 servative party of New York State. Petitioner has not made an application to withdraw his request for relief in the petition despite the determination by the Secretary of State. It is the opinion of this court that excluding paragraph three in the prayer for relief, the petitioner is entitled to a determination on the merits. (Election Law, § 330; Matter of Lutkitz v. Power, 24 A D 2d 709.)
It is stipulated that respondent Julian B. Erway is an enrolled Democrat and therefore subdivision 4 of section 137 of the Election-Law applies. In part this section reads as follows: “ 4. Notwithstanding the provisions of subdivisions one, two and three of this section, at a meeting of the members of the party committee representing the political subdivision of the office for which a designation or nomination is to be made, or of such other committee as the rules of the party may provide * * * by a majority vote of those present at such meeting provided a quorum is present, such committee may authorize the designation or nomination of a person as candidate for any office who is not enrolled as a member of such party as provided in this section. * * * The authorization to file the designating petition * * * shall be filed not later than three days after the last day to file such designating petition * * *. The certificate of authorization shall be signed and acknowledged by the presiding officer and the secretary of the meeting at which such authorization was given.”
It is the contention of the respondents that there has been substantial compliance with this statutory provision by virtue of a meeting held on May 11, 1968 with one James Novak, alleged Schoharie County Conservative party chairman, and three members of the executive committee of the Albany County Conservative party. It was at this meeting that there was a unanimous decision to designate respondent Erway as the senatorial candidate and an authorization was executed at that time.
Subdivision 4 of section 137 refers to ‘1 party committee ’ ’ as being the legal party structure to authorize a designation. The proof was undisputed, however, that the Conservative party in Schoharie County has not, nor never has elected county committeemen. In fact, it has no committee rules nor any designations on file with the Secretary of State. The attendance of Mr. Novak at the meeting of May 11 could not be considered compliance with subdivision 4 of section 137, nor with the rules of the Conservative party of New York State. Subdivision (a) of section 6 of article IX of those rules reads as follows: ‘ ‘ Except to the extent otherwise provided by law with respect to certain offices to be filled by all the voters of the City of New *4 York, the state executive committee shall authorize the designation, nomination or substitution of a person as a candidate for any office who is not enrolled as a member of the Conservative Party; provided further, that if such person shall be a candidate for an office which falls within more than one county, each of which has elected a Conservative Party county committee pursuant to the Election Law, and if the rules of all of these county committees include the same provision for the authorization of said candidacy, the candidacy shall be authorized in accordance with that provision. ’ ’
Since there is no county committee within. Schoharie County, and the proof shows that there are mo rules of any alleged committee, the meeting to which the action under attack was taken was in violation of the rules of the Conservative party of the State of New York. It is also noted that the rules and regulations of the Albany 'County committee of the Conservative party were not complied with at the meeting of May 11. Section 3 of article 3 provides in part that 1 ‘ there shall be an Executive Committee composed of the chairman, vice chairman, secretary and. treasurer of the County Committee and five additional members at large ’ ’. It is undisputed that only three members of the Albany County executive committee were present at the meeting which obviously was not the required quorum.
Therefore, the certificate authorizing the designation of Julian B. Erway as the Conservative party candidate is declared invalid.