*626 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The dispute over whether it is the so-called Giordano slate or the Thomas Leirer slate of officers that should be recognized to act on behalf of the town Conservative Party obviously requires resolution. The record as it comes to us, however, leaves so unclear the nature of the differences animating the factions, the procedures that prevailed at the meeting of the town committee at which each slate was designated, and other facts relevant to an informed decision that it casts almost no illumination on the parties’ claims. Furthermore, we note that, though the Appellate Division afforded the parties an opportunity to set forth their competing contentions in full at a hearing, neither side has availed itself of that forum.
Whether or not the underlying events should be accorded a presumption of regularity, certainly a relevant issue, remains unanswerable in the present context. Nor can we say whether the county executive committee, by virtue of its "general authority” over all subdivisions of the party in Suffolk (Rules and Regulations of the Suffolk County Committee of the Conservative Party, art II, § 1) was empowered in this situation to have resolved the dispute by itself choosing one slate over the other. No rule of either the town or county party expressly provides for the county executive committee to resolve internal disputes of this kind, although no doubt such a rule could have been adopted (see Election Law, § 6-108, subd 3). Neither has there been any suggestion that the county executive committee customarily exercises such power (cf. Note, Developments — Judicial Control of Actions of Private Associations, 76 Harv L Rev 983, 1026).
 Thus, we find no reason to interfere with the conclusion of the courts below that, under the circumstances, "neither slate involved in these proceedings is the authorized representative of the Islip Town Conservative Party” and that, consequently, the "holdover” officers of the town committee for the time being properly continue in office as provided by the Rules- and Regulations of the Town of Islip Conservative Party (art III, § 1; Matter of Greenberg v Cohen, 173 Misc 372). In so saying, we reiterate the principle that, absent inconsistent statutory directives, the duly adopted rules of a political party should be given effect (see Election Law, §§ 2- *627 110 — 2-114; Matter of Torchin v Cohen, 286 NY 544; Matter of Branch, 277 App Div 1018; see, generally, Note, 76 Harv L Rev 983, 994).