## Second Department, February, 1984

### (February 1, 1984)

■ In the Matter of Lilly A. Bachmann, Respondent, v Edward T. Coyne et al, Appellants. — In a proceeding pursuant to article 16 of the Election Law, the appeal is from a judgment of the Supreme Court, Queens County (Goldstein, J.), dated January 9, 1984, which, *inter alia*, held that the petitioner was the chairman of the executive committee of the County Committee of the Republican Party of Queens County, enjoined the appellants from interfering with her performance of the duties of that office, and held that the purported election of appellant Coyne as chairman of said executive committee was null and void. Judgment affirmed, without costs or disbursements. The executive committee of the County Committee of the Republican Party of Queens County exists solely by virtue of party rules and is not created by the Election Law (see *Matter of Bauman v Fusco*, 23 AD2d 404, 405, affd 16 NY2d 952; *Matter of Licitra v Power*, 10 AD2d 996, affd 8 NY2d 871). The manner in which a vacancy in the office of chairman of the executive committee is to be filled is thus to be determined by reference to those rules (see Election Law, §§ 2-110 through 2-114; *Matter of Kahler v McNab*, 48 NY2d 625; cf. *Matter of Schiliro v Mazza*, 53 NY2d 735, 736). Examination of the rules in question reveals an ambiguity. While they empower the executive committee to elect its own officers, no mention is made of any interim election to fill a vacancy. Read in context, the rules must be deemed to refer only to the biennial election of officers which must take place when, as a result of the election of a new county committee, the composition of the executive committee is altered. Roberts Rules of Order are, however, incorporated by reference into the rules of the County Committee of the Republican Party of Queens County (see *Matter of Ryan v Grimm*, 22 AD2d 171, 174-175, mod on other grounds 15 NY2d 921). They provide that when there is a vacancy in the position of the presidency of an organization, the vice-president automatically succeeds to that office in the absence of a by-law provision to the contrary (Roberts Rules of Order [1915 ed], § 58). Based upon the limited record before us, we, therefore, find that the vice-chairman has succeeded to the chairmanship and may hold office, if she so chooses, until the election at the time of the next regular biennial reorganization. We would note that internal issues arising within political parties are best resolved within the party organization itself and judicial involvement should only be undertaken as a last resort (see, e.g., *Matter of Northrup v Kirwan*, 88 Misc 2d 255, 263, affd 57 AD2d 699; *Matter of Trongone v O'Rourke*, 68 Misc 2d 6, 8, affd 37 AD2d 763, overruled on other grounds *Matter of Lufty v Gangemi*, 35 NY2d 179). Adoption of a mechanism for such internal resolution would be desirable (*Matter of Kahler v McNab*, 48 NY2d 625, 626, *supra*). Titone, J. P., Lazer, Mangano and Gibbons, JJ., concur.