OPINION OF THE COURT
William H. Keniry, J.
In this special proceeding, petitioners Walter J. Francisco, Jr., John J. Muscatello, and William A. Champagne, Jr. originally challenged the designating petitions of the five *575 respondents for the Republican nominations for the offices of Town Supervisor, Town Councilman — 2 positions, Clerk and Highway Superintendent of the Town of North Greenbush as candidates for public office in the primary election to be held on September 12, 1989. Following the conclusion of an extended hearing, the petitioners withdrew all objections as to the petitions of candidates John Ramahlo for Town Councilman and Sheila J. Beam for Town Clerk and have withdrawn all objections to the petitions of Daniel T. Borden for Town Supervisor, Donald M. O’Connor for Town Councilman and Richard L. Roberts for Town Highway Superintendent except for objections pertaining to the validity or invalidity of the certificates of authorization filed for each of the three candidates under section 6-120 (3) of the Election Law and for objections relating to certain alleged deficiencies in the written acceptances of the designation for nomination filed by each of the three candidates.
Borden, O’Connor and Roberts were not enrolled as members of the Republican Party at the time of their designation. Borden was a Conservative Party member. The party affiliations, if any, of O’Connor and Roberts were not identified in the pleadings or during the hearing. Thus for the three candidates to be properly designated to run in the primary election for the Republican nominations, there must be compliance with section 6-120 (3) of the Election Law which sets forth the procedure by which a political party may designate a nonparty member for nomination.
Section 6-120 (3) reads, in pertinent part, as follows: "The members of the party committee representing the political subdivision of the office for which a designation or nomination is to be made, unless the rules of the party provide for another committee * * * may, by a majority vote of those present at such meeting provided a quorum is present, authorize the designation or nomination of a person as candidate for any office who is not enrolled as a member of such party as provided in this section.”
During the hearing, two witnesses, James W. VanAuken and Betty E. Coleman, testified as to the procedure followed in designating Borden, O’Connor and Roberts.
James W. VanAuken testified that he is a member of the Rensselaer County Republican Committee and is Town Chairman in the Town of North Greenbush. He testified that a meeting was held at the Country Grove at which eight Repub *576 lican committeepersons were present and that at such meeting votes were taken authorizing the designation for nomination of three persons, none of whom were enrolled voters of the Republican Party, as the designees of the Republican Party for certain public offices. Such designees were Daniel T. Borden for the office of Supervisor, Donald M. O’Connor for Councilman and Richard L. Roberts for Highway Superintendent. Mr. VanAuken testified that he signed three certificates of authorization to designate such candidates and that he did so as presiding officer of such meeting.
Betty E. Coleman testified that she signed the said three certificates as secretary of the said meeting. The minutes of the meeting were received in evidence as petitioners’ exhibits 14 and 15. The meeting was held on May 31, 1989 and recessed to and completed on June 4, 1989.
Petitioners’ exhibits 14 and 15 (the minutes of the meeting) both contain at the top of the page the words "North Green-bush Town Committee” and they then set forth four offices, namely, chairman, vice chairman, secretary and treasurer, and opposite each office is set forth the name of the respective officeholder.
Ms. Coleman testified that a notice of the meeting was sent out by mail to 16 Republican town committeepersons of the Town of North Greenbush. She testified that there are 16 committee members from the Town of North Greenbush.
Respondents Borden, O’Connor and Roberts offered into evidence a document entitled "Republican Town Committee of North Greenbush Constitution and By-Laws”. It was received in evidence over petitioners’ objection that it is irrelevant. Paragraph 25 provides that "Six members will constitute a quorum of the Town Committee instead of the previously required nine members (6/5/80)”.
The petitioners contend that the evidence conclusively establishes that a quorum of the members of the party committee representing the Town of North Greenbush was not present at the meeting at which the three candidates were purportedly designated. Petitioners rely on the fact that there are 16 Republican town committee members and that a quorum requires the attendance of 9 to legally designate nonmember candidates under section 6-120 (3) of the Election Law. The minutes of the meeting show only eight committee members present during each of the two evening sessions.
Respondents, in opposition, rely upon section 25 of the "By *577 laws of the Republican Town Committee” which provides for a quorum of six.
The resolution of this issue requires an analysis of whether "the rules of the party provide for another committee” as such provision is contained in section 6-120 (3). If the Republican Town Committee of North Greenbush were to constitute such "another committee” then its bylaws would control and such bylaws provide for a quorum of six. The parties have presented no judicial precedents which address this issue and the court, in its own research, has found no case on point.
It is established law that, absent inconsistent statutory directives, the duly adopted rules of a political party should be given effect (see, Matter of Kahler v McNab, 48 NY2d 625; Matter of Schiliro v Mazza, 53 NY2d 735).
Election Law § 6-120 (3) provides that a majority vote of a quorum of the members of the party’s county committee representing the Town of North Greenbush can authorize a nonmember candidate unless the rules of the party provide for another committee to assume that function (see, Matter of Langley v Erway, 57 Misc 2d 1, affd 30 AD2d 711, affd 22 NY2d 781).
All parties agree that the 16 committeepersons of the Town of North Greenbush are all members of the Rensselaer County Republican Committee. In this case, if there is no proof or insufficient proof of the existence of "another committee” as that term is employed in section 6-120 (3) of the Election Law then the votes of the meeting held on May 31, 1989 and continued on June 4, 1989 fail because of a lack of a quorum.
Based upon the evidence introduced, it was not established that there exists any other committee as contemplated by section 6-120 (3) of the Election Law. The creation of the County Committee is provided for by the Legislature in section 2-104 of the Election Law. During the hearing, there was neither offered nor received in evidence any rules of the Republican County Committee of Rensselaer County.*
There is not sufficient evidence for the court to conclude *578 that there exists "another committee” as contemplated by section 6-120 (3). A quorum of nine was necessary. A quorum was not present, the votes fail and the petition is granted, without costs, to the extent that the certificates of authorization filed on behalf of respondents Daniel T. Borden, Donald M. O’Connor and Richard L. Roberts are declared insufficient, ineffective, invalid, null and void and said individuals are hereby removed from consideration for the Republican nominations for the public offices of Town Supervisor, Town Councilman and Town Highway Superintendent in the September 12, 1989 primary election.
Petitioners also challenged the validity of the certificates of acceptance filed by the three candidates. The court has reviewed such challenges and concludes that, since the Election Law does not prescribe a specific form to be used, that the acceptances are adequate in form and content.

 Certain of the parties to this litigation and certain of the attorneys involved in this lawsuit are involved and/or aware of this court’s opinion dated June 13, 1989 in the action entitled Rensselaer County Republican Comm, v Panichi (Sup Ct, Rensselaer County, index No. 169105, RJI 41-5517-89). There this court wrote (at 1):
"Plaintiff, Rensselaer County Republican Committee, seeks a preliminary injunction against defendant, Dominic V. Panichi, restraining and enjoining him from engaging in any political activity pending the trial and resolution
*578 of the merits of this action for a declaratory judgment and a permanent injunction.
"The facts are as follows: For some number of years there has existed in the Town of North Greenbush in the County of Rensselaer what was and is known as the North Greenbush Republican Town Committee. No provision is contained in the rules of the Rensselaer County Republican Committee for any such entity. Received in evidence by stipulation of counsel is a document entitled 'Republican Town Committee of North Greenbush Constitution and By-Laws’ purportedly adopted by such Town Committee on February 25, 1964 and amended on June 5, 1980. No provision is contained in the rules of the Rensselaer County Republican Committee for the adoption of any such constitution and/or by-laws by either the county committee or the said town committee.”