■ In the Matter of BEVERLY A. MAZUR, Appellant-Respondent, v JOSEPH F. KELLY, as Chairman of the Erie County Conservative Party, et al., Respondents-Appellants, and JOSEPH MILOSICH, as Member of the Credentials Committee, et al., Respondents.—Order (denominated judgment) unani-

mously affirmed without costs. Memorandum: Respondents appeal from an order of the Supreme Court which declared null and void the filling of certain vacancies in the Erie County Conservative Party County Committee on September 24, 1990.

The actions of the Executive Committee in filling vacancies in the 1990 County Committee before an organizational meeting of the duly elected 1990 County Committee were improper. With the election of a new County Committee in a primary election, the old County Committee became *functus officio* and "no rule of the old county committee could extend the authority of its executive committee to continue to exercise functions in substantial matters after their successors as a county committee had been elected" *(Matter of Bauman v Fusco,* 21 AD2d 470, 472, citing *Matter of Torchin v Cohen,* 286 NY 544). The filling of vacancies for the 1990 County Committee was a "substantial matter" and therefore the actions of the Executive Committee were improper.

The Court properly found that petitioner, a registered voter in the Conservative Party and a member of the County Committees elected in 1988 and at the 1990 primary election, had standing to challenge the filling of vacancies by the Executive Committee under Election Law § 2-118.

The Court correctly found that all necessary parties were properly joined *(see, Matter of Brayman v Stevens,* 54 Misc 2d 974, 978, *affd* 28 AD2d 1090, *affd* 20 NY2d 868). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Election Law.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ. (Order entered Jan. 11, 1991.)