OPINION OF THE COURT
Herbert Kramer, J.
This court holds that the right to select includes the right to remove.
In the absence of a controlling statute, bylaws or an incorporation by reference to a standard work on parliamentary procedure, an unincorporated association or a committee thereof may remove an officer at its pleasure.
*927 Petitioner moves pursuant to CPLR article 78 and Election Law § 16-118, or alternatively for declaratory relief enjoining respondent Arthur Bramwell from acting as chairman of the Executive Committee of the Kings County Republican County Committee, and declaring petitioner as chairman of the said Executive Committee.
FACTS
Subsequent to its biennial election of County Committee persons and members of the State Committee, the Republican County Committee of Kings County organized at a convention, reinstated its former rules and selected its officers.
The rules are silent as to the term of office of the chairman of the Executive Committee. The Executive Committee does not incorporate Robert’s Rules of Order or other parliamentary authority by reference. The County Committee rules are further silent as to removal of officers of the Executive Committee or the mechanisms therefor. Its reinstated rules called for the creation of an Executive Committee which thereafter met and elected petitioner as chairman of the Executive Committee thereunder.
Sometime thereafter the petitioner called for a meeting of the Executive Committee with a limited agenda. By notice served in the late afternoon of March 9, 1992, 10 members of the Executive Committee requested the addition to the March 12, 1992 meeting agenda of a vote to remove the chairman of the Executive Committee and elect a successor. At the opening of the meeting the petitioner noted a request had been made to remove an officer. The petitioner then determined that Election Law § 2-116 which provides a removal mechanism was applicable and reserved the issue for later. Towards the end of the recorded portion of the meeting, a motion was made and seconded calling for the removal of the petitioner. The petitioner stated "You are out of order this meeting has degenerated. There is a motion by Mr. O’Brien to adjourn, second question, all in favor, question, the Aye’s have it, the meeting is now adjourned”. A series of affidavits in opposition indicated that subsequent to petitioner’s exit from the meeting, another officer called for a roll call vote on any possible motion to adjourn, which was denied and the meeting continued after petitioner’s exit. A majority of those present voted to remove the petitioner and to elect Arthur Bramwell as successor.
*928 DISCUSSION
The Executive Committee is not subject to Election Law § 2-116 since it is not a statutory party committee (Election Law § 2-100; Matter of Bauman v Fusco, 23 AD2d 404, affd 16 NY2d 952; Matter of Licitra v Power, 10 AD2d 996, affd 8 NY2d 871; Matter of Bachmann v Coyne, 99 AD2d 742, lv denied 61 NY2d 607).
The creation and administration of an Executive Committee of a County Committee exists solely by virtue of and is subject to the party rules. (Matter of Bauman v Fusco, supra; Matter of Licitra v Power, supra; Matter of Bachmann v Coyne, supra.)
A political committee is deemed to be an unincorporated association. (Democratic Org. v Democratic Org., 253 App Div 820 [1938]; Matter of Burns, 200 Misc 355 [1951]; 96 Fifth Ave. Corp. v Greenberg, 180 Misc 614 [1943].) "If the duration of the term of office is fixed neither by the laws of the association, nor by its usages or resolutions, the officer holds his position merely at the pleasure of the association, or at the pleasure of the particular board charged with his election.” (7 CJS, Associations, § 11.)
In Ostrom v Greene (161 NY 353, 362) the Court held that "An association, however, without articles, constitution or rules can make changes at will at any meeting duly held * * * It has the right to elect such officers as it chooses and to change them as often as it chooses. It can elect a president at each meeting, and in so doing would, by implication, remove the preceding president.”
A County Committee is created for a biennial term (Matter of Mazur v Kelly, 170 AD2d 1037; Matter of Bauman v Fusco, supra). Thus this court finds that custom and usage of preceding County and Executive Committees are not precedent for the current committee.
Petitioner, however, cites Bachmann (supra) for the proposition that he is entitled in the absence of a rule, to a two-year term. This court in carefully reading Bachmann is constrained to hold that the mention of a two-year balance of term is distinguishable due to that committee’s incorporation of Robert’s Rules and is not dispositive in the light of Ostrom (supra).
A hearing is hereby ordered. In the event that this court finds that the continuance of the meeting in question was *929 proper, it will adjudge and decree that Arthur Bramwell is the duly elected chairman of the Executive Committee.*

 The jurisdictional defenses of the respondents are not relevant to a declaratory judgment action as they might be to an article 78 proceeding.