■ In the Matter of ALAN KEUKELAAR et al., Respondents-Appellants, v MONROE COUNTY BOARD OF ELECTIONS et al., Respondents, and MICHAEL C. GREEN, Candidate for Office of Monroe County District Attorney, et al., Appellants-Respondents. (Appeal No. 1.) [763 NYS2d 514] —Appeal and cross appeal from an order of Supreme Court, Monroe County (Ark, J.), entered August 13, 2003, which directed the Monroe County Committee of the Independence Party to reconvene its July 11, 2003 meeting to reconsider the party's nominee for the office of Monroe County District Attorney.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is granted in part and the certificate of authorization of respondent Michael C. Green is invalidated.

Memorandum: Petitioners commenced this proceeding seeking an order invalidating, inter alia, the certificate of authorization of respondent Michael C. Green as the Independence Party candidate for the office of Monroe County District Attorney. Blanca Colon, Rafael Colon and Walter Schiemann, three members of the Nominating Committee of the Monroe County Committee of the Independence Party (Nominating Committee), and Green (collectively, respondents) appeal from an order that directed the Monroe County Committee of the Independence Party (County Committee) to reconvene its July 11, 2003 meeting to reconsider the party's nominee for the office of Monroe County District Attorney.

Pursuant to the County Committee rules (Party rules), the Chairperson and Secretary of the County Committee "must be the presiding officer and secretary of all meetings in which an authorization is given" and must sign and acknowledge the certificate of authorization. Donald Porto, the County Committee Chairman, was not present at the July 7, 2003 meeting of the Nominating Committee, at which time the certificate of au-

thorization nominating Green as candidate for the office of Monroe County District Attorney was given, nor did he sign and acknowledge the certificate of authorization. It is well established that, "absent inconsistent statutory directives, the duly adopted rules of a political party should be given effect" (*Matter of Kahler v McNab,* 48 NY2d 625, 626 [1979]; *see also Bloom v Notaro,* 67 NY2d 1048, 1049 [1986]). Here, there are no inconsistent statutory directives and thus, pursuant to Party rules, that part of the petition seeking to invalidate the certificate of authorization of Green is granted.

We note in addition that we reject respondents' contention that petitioners failed to join necessary parties in this proceeding (*see generally* CPLR 1001 [a]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Hayes, JJ.