Matter of Brocato v Tinari (2018 NY Slip Op 00286)





Matter of Brocato v Tinari


2018 NY Slip Op 00286


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-09962
 (Index No. 9133/16)

[*1]In the Matter of Christopher Brocato, etc., et al., appellants, 
v
Frank Tinari, etc., et al., respondents- respondents, et al., respondents.


Cartier, Bernstein, Auerbach & Dazzo, P.C., Patchogue, NY (George Edward Dazzo and Robert G. Steinberg of counsel), for appellants.
Sinnreich Kosakoff & Messina, LLP, Central Islip, NY (Vincent J. Messina, Jr., of counsel), for respondents-respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents Frank Tinari and Executive Committee of the Suffolk County Committee of the Conservative Party of New York State from filling certain vacancies in the Suffolk County Committee of the Conservative Party of New York State, and action for a judgment declaring that those respondents are not authorized to fill the vacancies, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Pitts, J.), dated September 23, 2016, which denied the petition and declared that the Executive Committee of the Suffolk County Committee of the Conservative Party of New York State has the authority to fill the subject vacancies in the Suffolk County Committee of the Conservative Party of New York State.
ORDERED that the judgment is reversed, on the law, with costs, the petition is granted, and it is declared that the respondents Frank Tinari and Executive Committee of the Suffolk County Committee of the Conservative Party of New York State do not have the authority to fill the subject vacancies in the Suffolk County Committee of the Conservative Party of New York State.
On September 13, 2016, a primary election was held in which voters registered in the Conservative Party of New York State (hereinafter the Conservative Party) elected members to the respondent Suffolk County Committee of the Conservative Party of New York State (hereinafter the 2016 County Committee). Pursuant to the rules of the Conservative Party, an organizational meeting was required to be held within 20 days of the election, pursuant to which the 2016 County Committee was required to elect a new Executive Committee of the Suffolk County Committee of the Conservative Party of New York State (hereinafter the 2016 Executive Committee).
Although new members of the 2016 County Committee were elected in the primary election, membership vacancies remained in the 2016 County Committee due to tie votes or no votes in the subject contested election districts. On September 16, 2016, the respondent Frank Tinari, who was the Chairman of the Executive Committee that was formed in 2014 (hereinafter the 2014 Executive Committee), issued a notice for a meeting of the 2014 Executive Committee for the [*2]purpose of filling the County Committee membership vacancies for the subject election districts. This meeting was scheduled for September 23, 2016, which was before the scheduled date of the 2016 County Committee's organizational meeting in which the 2016 County Committee would, among other things, vote for the 2016 Executive Committee. On September 21, 2016, before the organizational meeting, the petitioners commenced this proceeding to prohibit the 2014 Executive Committee from filling the vacancies, and sought a judgment declaring that the 2014 Executive Committee did not have authority to fill vacancies in the 2016 County Committee during the period after the primary election and before the organizational meeting. Frank Tinari, the 2014 County Committee (that is, the County Committee that was formed in 2014), and the 2014 Executive Committee (hereinafter collectively the respondents) opposed and sought to dismiss the petition. The Supreme Court denied the petition and declared that the 2014 Executive Committee "has authority to fill the committee positions of all the enumerated districts."
Contrary to the Supreme Court's determination, Election Law § 6-148 does not confer authority upon the Executive Committee to fill vacancies in the county committee. Rather, that section relates to filling vacancies in designations and nominations of candidates, not members of a political party's county committee. The filling of vacancies in a political party's county committee is governed by Election Law § 2-118, which provides, in pertinent part, that, in the case of a failure to elect a member of the committee, the vacancy created thereby shall be filled by the remaining members of the committee. Therefore, only the 2016 County Committee had the authority to fill the subject vacancies.
With the election of the 2016 County Committee in the primary election, the 2014 County Committee had no further official authority, and no rule of the 2014 County Committee could extend the authority of its executive committee to continue to exercise functions in substantial matters after the members of the 2016 County Committee had been elected (see Matter of Torchin v Cohen, 286 NY 544; Matter of Mazur v Kelly, 170 AD2d 1037, 1038; Matter of Bauman v Fusco, 21 AD2d 470, 472). The filling of vacancies for the 2016 County Committee was a "substantial matter," and therefore the actions of the 2014 Executive Committee in filling vacancies in the 2016 County Committee were improper (see Matter of Mazur v Kelly, 170 AD2d at 1038).
Moreover, contrary to the respondents' contentions, the Rules and Regulations of the Suffolk County Committee of the Conservative Party of New York State, Article II, Section 3, do not authorize the 2014 Executive Committee to fill the subject vacancies in the 2016 County Committee. Those rules are consistent with Election Law § 2-118 and provide, in pertinent part, that "[a]ny vacancy in the membership of the County Committee . . . caused by failure to elect a member, shall be filled by the remaining members of such County Committee." The party rules contain an exception that allows the Executive Committee to fill vacancies when the County Committee is "not in session." However, to allow the 2014 Executive Committee to rely on this exception so as to fill vacancies during the period after the primary election in 2016 and before the mandated organizational meeting violates the express terms of Election Law § 2-118 (see Matter of Donnelly v Curcio, 284 AD2d 460, 460-461), improperly allows the exception to swallow the general rule, which only permits the remaining members of the County Committee to fill such vacancies, undermines the election results of the 2016 primary election, and is inconsistent with case law limiting the authority of the 2014 Executive Committee during the period after the primary election and before the organizational meeting (see Matter of Mazur v Kelly, 170 AD2d at 1038).
Accordingly, the Supreme Court should have granted the petition and declared that Frank Tinari and the 2014 Executive Committee do not have the authority to fill the subject vacancies in the 2016 County Committee.
CHAMBERS, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court