Matter of Auerbach v Suffolk County Comm. of the Conservative Party of N.Y. State (2018 NY Slip Op 01463)





Matter of Auerbach v Suffolk County Comm. of the Conservative Party of N.Y. State


2018 NY Slip Op 01463


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-04183
 (Index No. 9713/16)

[*1]In the Matter of Kenneth A. Auerbach, etc., et al., appellants, 
v
Suffolk County Committee of the Conservative Party of New York State, et al., respondents-respondents, et al., respondents.


Cartier, Bernstein, Auerbach & Steinberg, P.C., Patchogue, NY (Robert G. Steinberg of counsel), for appellants.
Sinnreich Kosakoff & Messina, LLP, Central Islip, NY (Vincent J. Messina, Jr., of counsel), for respondent-respondents.



DECISION & ORDER
Appeal from an order of the Supreme Court, Suffolk County (J. Emmett Murphy, J.), dated March 13, 2017. The order granted the motion of the Suffolk County Committee of the Conservative Party of New York State, the Executive Committee of the Suffolk County Committee of the Conservative Party of New York State, and the individual executive members and committee chairmen named as respondents in the proceeding to dismiss the petition filed pursuant to Election Law § 16-102.
ORDERED that the order is reversed, on the law, with costs, and the motion to dismiss the petition is denied.
On September 13, 2016, a primary election was held in which voters registered in the Conservative Party of New York State (hereinafter the Conservative Party) elected members to the respondent Suffolk County Committee of the Conservative Party of New York State (hereinafter the 2016 County Committee). An organizational meeting was required to be held within 20 days after the election, pursuant to which the 2016 County Committee was required to elect a new Executive Committee of the Suffolk County Committee of the Conservative Party of New York State (hereinafter the 2016 Executive Committee).
Vacancies remained in the 2016 County Committee due to tie votes or instances where no candidates received any votes in certain contested election districts. On September 16, 2016, the respondent Frank Tinari, who was the Chairman of the Executive Committee of the Suffolk County Committee of the Conservative Party of New York State that was formed in 2014 (hereinafter the 2014 Executive Committee), issued a notice for a meeting of the 2014 Executive Committee for the purpose of filling these membership vacancies. The meeting was scheduled for September 23, 2016. At the meeting, the 2014 Executive Committee filled the vacancies in the 2016 [*2]County Committee. On September 28, 2016, the 2016 County Committee held its organizational meeting. On September 29, 2016, the respondent Michael E. Torres, as Secretary of the 2016 County Committee, filed a certificate of nomination with respect to members who were elected to the 2016 Executive Committee.
The petitioner Kenneth A. Auerbach, as a conservative committeeman and nominated candidate for the position of Chairman of the Suffolk County Committee of the Conservative Party and the other individual petitioners, as conservative committeemen in certain election districts of the Town of Brookhaven, commenced this proceeding pursuant to Election Law § 16-102 against the 2014 Executive Committee and others. They alleged, inter alia, that the 2014 Executive Committee violated the Election Law by filling the vacancies in the 2016 County Commitee. They sought a judgment declaring the organizational meeting and the certificate of nomination invalid. Certain respondents moved to dismiss the petition. The Supreme Court granted the motion, and the petitioners appeal.
Contrary to the Supreme Court's determination, Election Law § 6-148 does not confer upon the Executive Committee of the Suffolk County Committee of the Conservative Party of New York State the authority to fill vacancies in the county committee. Rather, that statute relates to filling vacancies in designations and nominations of candidates, not members of a political party's county committee. The filling of vacancies in a political party's county committee is governed by Election Law § 2-118, which provides, in pertinent part, that, in the case of a failure to elect a member of the committee, the vacancy created thereby shall be filled by the remaining members of the committee. Therefore, only the 2016 County Committee had the authority to fill the subject vacancies.
With the election of the 2016 County Committee in the primary election, the county committee that was elected in 2014 had no further official authority, and no rule of that county committee could extend the authority of its executive committee to continue to exercise functions in substantial matters after the members of the 2016 County Committee had been elected (see Matter of Brocato v Tinari, 157 AD3d 782; see also Matter of Torchin v Cohen, 286 NY 544; Matter of Mazur v Kelly, 170 AD2d 1037, 1038; Matter of Bauman v Fusco, 21 AD2d 470, 472). The filling of vacancies for the 2016 County Committee was a "substantial matter," and therefore the actions of the 2014 Executive Committee in filling vacancies in the 2016 County Committee were improper (see Matter of Brocato v Tinari,157 AD3d 782; Matter of Mazur v Kelly, 170 AD2d at 1038).
Accordingly, the Supreme Court should have denied the motion to dismiss the petition.
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court