Henry Tasker, J.
In this proceeding pursuant to article 14 of the Election Law (§ 330, subd. 3), petitioners seek to review the determination of the respondent Suffolk County Board of Elections placing the names of the candidates for the positions of Suffolk County District Court Judge at section 6 and section 7 of the official ballot for the general election to be held November 5, 1963. The determination of the Board of Elections is attacked as improper, unlawful, erroneous, arbitrary and discriminatory.
The thrust of petitioners’ arguments, as set forth in the petition and in the supporting memoranda of law is that the District Court is a local town court, its judges are local town officers and that candidates for the office of District Court Judge in the various districts are candidates for town offices and their names should be placed in that portion of the ballot allocated to candidates for other town offices.
The allegations of the petition are denied by the Board of Elections and the respondent rival candidates. Affirmative defenses responsive to the merits and to petitioners’ arguments are pleaded.
By way of a further affirmative defense, it is alleged that the respondent Board of Elections has made no final determination as to form and content of the official ballot for the general elec *563 tion except for the Town of Huntington. It may he safely assumed for the purpose of this determination that the Board of Elections will be consistent in its determination and that the form and content of the official ballots for the Towns of Islip, Babylon, Brookhaven and Smithtown will be similar in form and content to the official ballot for the Town of Huntington.
A copy of the military ballot for the Town of Huntington is before the court. It contains 14 sections, one for each office to be filled at the general election. Section 1 is allocated to the office of Associate Judge of the Court of Appeals, section 2 to the office of County Executive, sections 3 and 4 to the office of County Judge, section 5 to the office of Commissioner of Public Welfare, section 6 to the office of District Court Judge, First Judicial District, section 7 to the office of District Court Judge, Town of Huntington, sections 8 through 14 to the offices of Supervisor, Town Clerk, Receiver of Taxes, Superintendent of Highways and Couneilmen for the Town of Huntington, respectively.
The sole issue presented for determination is whether or not the action of the Board of Elections in placing or allocating section 7 on the ballot to the office of District Court Judge to be elected in the Judicial District coterminous with the Town of Huntington was improper, unlawful, erroneous, arbitrary and discriminatory. It is to be noted that it precedes in numerical order section 8 on the ballot allocated to the office of Supervisor and succeeds in numerical order section 6 on the ballot allocated to the office of District Court Judge of the First Judicial District. Petitioners urge, without specifying the particular section to which it should be removed, that this office should be separated from the office of District Court Judge of the First Judicial District and placed in one of the sections allocated to the town offices of Supervisor, Town Clerk, Receiver of Taxes, Superintendent of Highways or Couneilmen.
An examination of the Suffolk County District Court Act, the Uniform District Court Act, the Constitution of the State of New York, Town Law and the Election Law discloses no support for the arguments advanced by petitioners. The Suffolk County District Court system embraces the five western towns of Suffolk County. It was created pursuant to section 16 of article VI of the Constitution by chapter 811 of the Laws of 1962. It was established by vote at the 1962 general election on two propositions : 1. “ Shall the Town of become a part of the Suffolk County District Court system? ” 2. “If the Town of becomes a part of the Suffolk County District Court system, shall the office of Justice of the Peace be abolished *564 within such Town? ” (Suffolk County Charter [L. 1962, ch. 811], § 4107, renumb. § 2603 by L. 1963, ch. 570.) The court will take judicial notice of the fact that in each of the five western towns of the county, the vote on each proposition was overwhelmingly in the affirmative. The result of the vote is obvious. Each town became a part of the Suffolk County District Court system and each town abolished the office of Justice of the Peace. No inference may be drawn from the language of the submitted propositions that it was the intention of the electorate of the five towns to have Judges of the District Court system remain town officers. The inference is to the contrary.
Town officers are defined in section 20 of the Town Law. They do not include the office of District Court Judge.
District Courts as such are authorized and continued by section 16 of article VI of the Constitution. Courts for towns (Justice of the Peace Courts), villages and cities outside the City of New York are continued by section 17 of article VI. The District Courts and Justice of the Peace Courts are entirely dissimilar.
Jurisdiction of the Suffolk County District Court is now governed by the Uniform District Court Act (L. 1963, ch. 565, arts. 2, 4, 7 and 20), and is substantially greater than the jurisdiction of a Justice of the Peace (Justice Ct. Act, art. 1; Code Crim. Pro., §§ 56, 211). The term of office of a District Court Judge is six years (Suffolk County Charter, art. XXIV, § 2406) rather than four years (Town Law, § 24); salaries and expenses are charges to the judicial district (§§ 2405, 2406) rather than town charges (Town Law, §§ 27, 102); fees and revenues are credited to the judicial district (§§ 2408, 2414, subd. 7), not to a town (Town Law, § 27); the Judges must be members of the Bar (§ 2404); they may sit in any district in addition to the one in which they are elected (§ 2407); eligibility to office is predicated upon residence in a district (§ 2404), not a town (Town Law, § 23); the Board of Judges, not a town board determines where the court sits (§§ 2407, 2410; cf. Town Law, § 64, subd. 2); appointments to fill vacancies are made by the county executive, subject to confirmation by supervisors of towns in the judicial district (§ 2406) rather than by the town board (Town Law, § 64, subd. 5); supervisors of the towns in the judicial district may increase the number of Judges in any or all of the districts (§ 2403); and finally, although at present each of the five towns constitutes a separate district, under appropriate circumstances, a district may well encompass two or more towns (§ 2403) (cf. L. 1936, ch. 879, § 2405 as last amd. by L, 1959, ch. 739). *565 The fortuitous geographical coincidence of district boundaries with town boundaries affords no basis for the application of the label ‘ ‘ town officer ” or “ town official ’ ’ to the office of District Court Judge.
The authorities cited by petitioners which discuss constitutional limitations on the Legislature’s power to create courts in other than existing civil divisions of the State, to wit: People ex rel. Yost v. Becker (203 N. Y. 201); People ex rel. Wood v. Draper (15 N. Y. 532); People ex rel. Townsend v. Porter (90 N. Y. 68); Failing v. Grounds (160 App. Div. 71); People v. Dooley (69 App. Div. 512, affd. 171 N. Y. 74) and Irwin v. Metropolitan St. Ry. Co. (38 App. Div. 253), are all inapposite in view of section 16 of article VI of the Constitution (adopted November 7,1961, extant Jan. 1, 1962, eff. Sept. 1,1962).
Upon the foregoing, there is no basis whatever for a finding that the determination of the Board of Elections is improper, unlawful, erroneous, arbitrary or discriminatory. As stated by the Appellate Division in a proceeding involving issues analogous to the one at bar: ‘ ‘ Any scheme of arrangement can be criticised as arbitrary and discriminatory when the mind is fastened upon the one proposition that position on the ballot is the important thing. But what the law provides is that the ballot shall furnish to each elector an opportunity to express his choice, and if all the names are printed in the same style under the same appropriate headings each individual is given a fair and equal opportunity to express his own choice, and no constitutional provision against disfranchisement is violated.” (Matter of Walsh v. Boyle, 179 App. Div. 582, 588.)
The determination of respondent Board of Elections is confirmed and the proceeding dismissed.