Joseph Lief, J.
One of the Commissioners of Elections in this county brings this proceeding against the other, averring that they have not been able to agree upon the positioning of the county-wide candidates on the ballot and he asks the court to direct that his choice be adopted. The respondent Commissioner admits that they reached an impasse. The respondent asserts that since he was elected President of the Board of *297 Elections, it is Ms opinion which should control and he bases his argument on a comparison with the duties of the president as chief executive officer of a corporation.
We are unable to agree with the latter contention. The president of a corporation is elected or appointed by the directors or elected by the stockholders (Business ¡Corporation Law, § 715, subds. [a], [b]). The corporate officer’s duties are usually defined in the by-laws ('§ 715, subd. [g]) and have come to be identified over the years in practice from the title he bears. The corporate president may usually do anything wMch the directors could authorize or ratify (Oakes v. Cattaraugus Water Co., 143 N. Y. 430). In contrast, the two members of the Board of Elections are chosen, one from each of the major parties (Election Law, § 51) and the statute provides (Election Law, § 34) that they shall choose one of their number as president and the other as secretary and in the event of disagreement the choice shall be made by lots. This is a haphazard procedure contradictory of any idea that one officer of the Board of Elections is endowed with greater powers than the other. Wherever the duties of the Board of Elections are described in the Election Law, the reference is to the “ board ” and apparently it conceives of them acting jointly throughout. No greater authority is given to one than to the other.
Since the Commissioners have not been able to agree, the question inevitably arises that they should first have made a determination and that then a person aggrieved, a candidate, a party, etc., would have had to make an application to compel them to perform their duty, thus bringing the matter to court. We entertain misgivings about the propriety of this proceeding, for ordinarily a petition in the nature of mandamus may be considered only “ upon a showing of a clear legal right to the relief requested, provided the record leaves no scope for the exercise of a reasonable discretion ”. (Matter of Izzo v. Kirby, 56 Misc 2d 131, 132.) In an effort to find a basis for exercising jurisdiction under the exigencies of the situation, and under the doctrine expressed by the Court of Appeals that a proceeding should not be dismissed merely because it is brought in an improper form (Matter of Phalen v. Theatrical Protective Union, 22 N Y 2d 34, 41), this court has considered the scope of the summary jurisdiction vested by section 330 of the Election Law. A dispute concerning the form and contents of official ballots under subdivision 3 thereof is limited to a proceeding instituted by an aggrieved candidate or the chairman *298 of a committee. The disagreement which exists here is one which cannot be resolved by an express statutory provision and it is clear that neither of the Commissioners acting individually is empowered either by statute or any rule established by the Board of Elections to prescribe the form of the ballot other than may be found in the Election -Law (e.g., §§ 105, 248). However, since no objection to this court’s jurisdiction has been raised and realizing that the parties desire a determination of this court to guide them in their purpose of conscientiously and promptly carrying out their duties, the court will determine the controversy to prevent 1 ‘ a complete breakdown of the public service performed by the Board of Elections, and the consequent disfranchisement of the voters ” (Matter of Ahern v. Board of Supervisors, 7 A D 2d 538, 544-545, affd. 6 N Y 2d 376).
Furthermore, the Court of Appeals in Matter of Mansfield v. Epstein (5 N Y 2d 70, 74), holding that mandamus lies to compel ministerial acts, indicated that the court should not refuse to act in an election matter where the Commissioners of Election are at a stalemate, when they said: “ In view of the discord and differences of opinion' between the Commissioners of Election as to the validity of the petitions, it would have been futile to remit the matter to the Board of Elections for their attention, hence the court could either refer it to an Official Referee to take testimony (e.g., Matter of Schaffner v. Dooling [258 App. Div. 735]), or perform the task itself. The court elected to examine the petitions.”
With the foregoing in mind we come to a determination of the problem presented. As we have said, sections 105 and 248 of the Election Law give us some guide as to the form of the ballot though neither section provides us with specific instructions as to the placing of names of candidates for the various offices, beyond the direction in section 105 that ‘ ‘ The sections shall be in the customary order of the offices ”. In an informal opinion rendered by the then Attorney-General, he said that the practice established by custom should be determinative of the order of precedence of the offices. (1947 Atty. Gen. [Inf. Opns.] 187) and he went on to suggest an order which was founded apparently .solely on past practices.
This court has inspected the samples of ballots .submitted for the past three elections (1961, 1964, 1967) in which the office of 'County Executive of Nassau County has appeared. It is noted that the respondent was a Commissioner of Elections at the time of each such election. On the basis of the evidence *299 submitted it is the opinion of this court that the “ customary order of the offices ” pursuant to section 105 of the Election Law for county-wide offices is as follows :
1. County Executive
2. Family Court Judge
3. County Court Judge
4. County Court Judge
5. County Comptroller
6. County Clerk
(See, also, 18 N. Y. Jur., Elections, § 297.)
The board is directed to prepare ballots for the forthcoming general elections as prescribed herein.
Settle judgment on notice.
We believe that the foregoing determination is in accordance with the principle expressed by the Appellate Division in Matter of Walsh v. Boyle (179 App. Div. 582) cited by Mr. Justice Henry Tasker in Matter of De Luca v. Weiss (40 Misc 2d 562, 565, affd. 19 A D 2d 862, affd. 13 N Y 2d 907) where the court said (p. 588): “Any scheme of arrangement can be criticised as arbitrary and discriminatory when the mind is fastened upon the one proposition that position on the ballot is the important thing. But what the law provides is that the ballot shall furnish to each elector an opportunity to express his choice and if all the names are printed in the same style under the same appropriate headings each individual is given a fair and equal opportunity to express his own choice and no constitutional provision against disfranchisement is violated.”