OPINION OF THE COURT
Marshall E. Livingston, J.
Petitioner seeks an order declaring that a petition filed in the office of the Town Clerk of the Town of Rose on September 21, 1978 is valid, proper and legally effective.
The petition requests the submission to the electors of the Town of Rose at the general election to be held November 7, *617 1978 of local option question No. 3 in Group A, section 141 of the Alcoholic Beverage Control Law, pertaining to sales of alcoholic beverages for off-premises consumption.
By a letter dated October 6, 1978, it appeared that respondents election commissioners indicated that they did not intend to place the local option question set forth in the petition on the ballot to be used in the Town of Rose on the ground that if a local option vote is to be held, all of the questions in either Group A or Group B of section 141 of the Alcoholic Beverage Control Law must be submitted on the ballot, and the petition must request the submission of all questions. The validity of the petition does not appear to have been challenged except in this regard.
The petition in question was signed by 298 people in the Town of Rose. It requests the holding of an election at which all of the voters of the town may express their views on a question of importance to the residents of the town. To hold the petition invalid because it seeks a vote on only one question does not seem to me to be the intent of section 141 of the Alcoholic Beverage Control Law or of the Election Law.
The Court of Appeals in People ex rel. Hirsh v Wood (148 NY 142, 147) said: "The object of elections is to ascertain the popular will and not to thwart it. The object of election laws is to secure the rights of duly qualified electors, and not to defeat them. Statutory regulations are enacted to secure freedom of choice and to prevent fraud, and not by technical obstructions to make the right of voting insecure and difficult.”
As a matter of fact, more than 10 towns have held local option elections at which less than five local option questions have been presented to the electors (see Matter of Blodgett v Board of Elections, Supreme Ct, Ontario County, Oct. 9, 1975, Smith, J.).
Furthermore, it is alleged in the petition in this proceeding, and not denied by respondents, that the action of the election commissioners in determining not to place the question in the local option petition on the ballot was not unanimous. In his memorandum, respondents’ attorney states: "After the commencement of the proceeding, one of the Commissioners of Election, Commissioner DeRenzo, told the County Attorney that there had been no formal determination by the Board of Elections covering the validity of the petition. He also stated that he did not agree with the opinion that the local option *618 petition was invalid and that he did not decline to place the question on the ballot. Commissioner Wilson, the other member of the Board of Elections, informed the County Attorney that she agreed with the opinion that the petition was invalid and that the October 6th letter had been sent under her direction, based on her understanding that Commissioner DeRenzo also agreed with that opinion.”
Subdivision 2 of section 3-212 of the Election Law provides: "All actions of the board shall require a majority vote of the commissioners prescribed by law for such board”. The Wayne County Board of Elections has two members, and therefore, both members must agree. The unilateral action of one commissioner is not the action of the board of elections (Matter of Conlin v Kisiel, 35 AD2d 423; Matter of Starr v Meisser, 67 Misc 2d 297; Matter of Cristenfeld v Meisser, 64 Misc 2d 296).
The local option petition filed with the Town Clerk of the Town of Rose is declared valid and legally effective, the purported action of the election commissioners is declared invalid and legally ineffective, and respondents, Commissioners of Elections are directed to place the local option question set forth in the petition on the ballot to be used in the Town of Rose at the general election to be held November 7, 1978.