■ In the Matter of ADA L. SMITH, Respondent, v FERDINAND MARCHI, Respondent, and TITO VELEZ et al., Appellants. (Proceeding No. 1.) In the Matter of TITO VELEZ et al., Appellants, v ADA SMITH, Respondent. (Proceeding No. 2.)—In a proceeding to validate a petition designating Ada L. Smith as a candidate in the Democratic Party primary election to be held on September 15, 1988, for the public office of New York State Senator in the 20th Senatorial District, and a cross proceeding to invalidate the petition, the appeal is from a judgment of the Supreme Court, Kings County (Dowd, J.), dated August 10, 1988, which, after a hearing, dismissed the cross proceeding to invalidate the petition and granted the application to validate the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the cross proceeding is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new determination on the merits.

Pursuant to the Designating Petitions Rules promulgated by the Board of Elections of the City of New York, an objector must serve written specifications of objections to designating petitions by "deliver[ing] personally or mail[ing] (by registered or certified mail) a duplicate copy of the specifications to the first named person on the committee to fill vacancies on the petition objected to prior to filing with the Board of Elections". In the instant matter, the objectors Tito and Vanessa Velez attempted to effectuate service by mailing a copy of the specifications by certified mail, return receipt requested. The candidate asserted, and the Supreme Court so concluded, that the objectors' deviation from the prescribed method of service by requesting a return receipt represents a failure of compliance with the Board's regulations. We disagree.

Return receipt service is not "likely to result in a failure of timely delivery of notice of the proceeding" *(Matter of King v Cohen,* 293 NY 435, 439). Certified mail service is rendered no more onerous when a return receipt is requested, except to the extent that the recipient is required to place his signature in two places rather than one *(cf., Matter of Freiberger v O'Toole,* 2 Misc 2d 191, 193, *affd* 2 AD2d 678). Hence, it cannot be said that the objectors' use of this one additional precautionary measure which simply provided them with delivery information constituted a fatal deviation from the rules prescribing the manner of service. Bracken, J. P., Rubin, Spatt, Harwood and Balletta, JJ., concur.