■ In the Matter of ROBERT PREVIDI, Appellant, v JOHN W. MATTHEWS et al., Respondents, and JOHN J. GILL et al., Respondents.—In a proceeding to validate a petition designating Robert Previdi as a candidate in a primary election to be held on September 15, 1992, for the nomination of the Republican Party as its candidate for the public office of United States Representative in the Third Congressional District, the appeal is from a judgment of the Supreme Court, Nassau County (Levitt, J.), dated August 19, 1992, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

This proceeding was commenced by the service of an order to show cause and verified petition on or about August 10,

1992. In making service of the order to show cause and verified petition, the petitioner failed to annex the designating petition. We reject the Supreme Court's conclusion that this failure constituted a jurisdictional defect. While the order to show cause stated that it was granted, in part, upon the designating petition and required that notice to the respondents John W. Matthews and Donald Woolnough be by way of "personal service of the said order to show cause, together with a copy of the papers upon which it is granted", the order to show cause also directed the respondent Board of Elections to produce the designating petition at the hearing for examination by the court. Thus, in reality, the designating petition was not a paper upon which the order to show cause was granted and service was complete as made (cf., *Matter of Washington v Mahoney,* 71 AD2d 1047; *Ang v Balick,* Sup Ct, Nassau County, Mar. 1, 1991, McGinity, J., index No. 3875/91). Mangano, P. J., Thompson, Sullivan, Lawrence and Pizzuto, JJ., concur.