■ In the Matter of LEE McKINNEY et al., Appellants-Respondents, v M. BETSY RELIN et al., Constituting the Board of Elections of the County of Monroe, Respondents, and EDWARD T. MARIANETTI, Respondent-Appellant. [602 NYS2d 247] —Cross appeal unanimously dismissed, order reversed on the law without costs and matter remitted to Supreme Court for further proceedings on petition. Memorandum: We agree with Supreme Court that verification by one of the petitioners was sufficient (see, Matter of Glowacki v Smolinski, 89 AD2d 1053, lv denied 57 NY2d 605). Contrary to the determination of Supreme Court, however, the petition in this proceeding to invalidate the designating petition of a candidate for town office was properly received even though it did not contain certain exhibits referred to in the petition (see, Matter of Previdi v Matthews, 185 AD2d 962). Although the order to show cause directed that the order be served "together with the annexed papers," the record shows that the exhibits were

not annexed to the petition when the court signed the order to show cause. Thus, the order to show cause did not direct their service.

Further, we determine that the record does not establish that the other candidates for town office were necessary parties to the petition. There is no showing that, if the petitioners were to succeed in this action, the other candidates would be inequitably affected (see, CPLR 1001 [a]). The objections to the designating petition refer only to the petition "which purports to designate Edward Marianetti for the public office of Ogden Highway Superintendent." The objections do not challenge the nomination of the other candidates named on the designating petition; thus, any judgment in this proceeding could not affect the other candidates. Moreover, the record fails to show whether additional petitions were filed pertaining to the other candidates. Unlike the cases of *Matter of Marin v Board of Elections* (67 NY2d 634) and *Matter of Greenspan v O'Rourke* (27 NY2d 846) relied upon by Supreme Court, it does not appear that the rights of the other candidates are "inextricably interwoven" with those of the candidate for Ogden Highway Superintendent.

Finally, we dismiss the cross appeal. Respondent Marianetti was not aggrieved by the order appealed from (see, CPLR 5511; *Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488). (Appeals from Order of Supreme Court, Monroe County, Kehoe, J.—Election Law.) Present—Callahan, J. P., Lawton, Fallon, Boomer and Boehm, JJ. (Filed Aug. 20, 1993.)