Smith, J.
(dissenting). I dissent from the decision to reverse the order of the Appellate Division and to permit an outgoing Chairman of the Kings County Republican Party to nominate himself as the Republican candidate for Senator in the 23rd Senatorial District.
The issue here is who has the authority to nominate a Republican candidate for the New York State Senate where a vacancy occurs too late for the normal petitioning process to take place. Under those circumstances the rules of the Republican Party permit the county chairperson(s) (in this case the chairpersons of Kings and Richmond Counties) to select the *817 candidate for the 23rd Senatorial District.* This procedure, of course, is subject to the requirements of the Election Law. In the Appellate Division, the contention of the petitioners was that because a primary election had been held and a new county committee selected, that committee had the right to elect a new chairman who would then select the candidate for the Senate. The respondents contended that because there was insufficient time to organize the new county committee before the name of the Senate candidate was required to be filed, the outgoing chairman had the right to choose the candidate and he properly chose himself.
Election Law § 6-158 (6) requires the certificate for a party nomination, other than one made at the primary election, to be filed within seven days after the primary election. Here, four certificates nominating Robert DiCarlo were filed with the Board of Elections. All four certificates were signed by Robert DiCarlo. Two of the certificates were also signed by Olga Igneri, the Chairman of the Richmond County Republican Committee.
The decision of the Appellate Division should be upheld for at least two reasons. First, both the Election Law and our own precedents require that the senatorial candidate be selected by the new county committee chairperson. Thus, a certificate of a party for nomination, other than one made at the primary election, for an office to be filled at the next general election, must be filed only after the primary election (see, Election Law § 6-158 [6]). This permits the relevant persons elected at the primary, in this case, the new county committee, to influence the determination of the candidate of that party. Members of the county committee "shall hold office until the next election at which members of the committee are elected.” (Election Law § 2-106 [4].) While the newly elected members must be certified by the Board of Elections and must proceed to hold an organizational meeting at which a chairman, secretary and treasurer must be selected, this must be done promptly, within 20 days after the primary election. It follows that, as stated by the Supreme Court and the Appellate Division, the outgoing chairperson was functus officio, that is, a person whose job had been completed and who could no longer perform major functions. In addition, both Matter of *818 Torchin v Cohen (286 NY 544) and Matter of McDonald v Heffernan (300 NY 488) are consistent with the view that the outgoing chairman has no authority to select the candidate for State Senate. In Matter of Torchin, this Court ruled that it was improper for an executive committee of a political party to choose a candidate for public office after the election of its successors. A similar ruling was made in Matter of McDonald.
Second, at the heart of this case, in this computer age, is the factual issue of whether the votes for the newly elected county committee members could be canvassed and their election certified in time for a meeting of the new county committee, the election of a new chairperson and the nomination of a Senate candidate within seven days after the primary election. As found by the Supreme Court, of the 1,838 county committee positions, some 1,666 were uncontested. The 172 contested races resulted in the election of 135 people, 24 races where no votes were cast, 11 tie votes and 2 candidates not on the machine. Both the Supreme Court and the Appellate Division made the factual finding that the Board of Elections "could have certified the newly elected committee members within approximately three days” after the primary election (197 AD2d 724, 726). That factual finding is binding on this Court. Thus, there was sufficient time for the new chairman to take office and nominate a candidate.
The order of the Appellate Division should be affirmed.
Order reversed, etc.

 Because the number of county committee persons from Kings County was much larger than the number from Richmond County, in effect, it was the chairperson from Kings County who had the right to choose the candidate for the 23rd Senatorial District.