SECOND DEPARTMENT, JANUARY, 1999

(January 7, 1999)

■ In the Matter of FRANK M. MacKAY et al., Respondents-Appellants, v BARBARA RANSOME et al., Appellants-Respondents, et al., Respondents. (Proceeding No. 1.) In the Matter of VIVIAN M. FISHER, Respondent-Appellant, v SUFFOLK COUNTY BOARD OF ELECTIONS et al., Respondents. (Proceeding No. 2.) In the Matter of BARBARA RANSOME et al., Appellants-Respondents, v FRANK M. MacKAY et al., Respondents-Appellants, et al., Respondents. (Proceeding No. 3.) [693 NYS2d 850] —In three consolidated proceedings, respectively, (1) to

invalidate a certificate nominating Barbara Ransome as the candidate of the Independence Party for the Public Office of County Legislator, Fifth Legislative District, Suffolk County, in a special election to be held on January 19, 1999, (2) to validate a certificate nominating Vivian M. Fisher as a candidate for the same office in the same special election, and (3) to validate the certificate nominating Barbara Ransome and to invalidate the certificate nominating Vivian Fisher, the appeal and cross appeals are from a judgment of the Supreme Court, Suffolk County, dated January 6, 1999, which, in effect, denied the petitions and dismissed the proceedings.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying the petition in Proceeding No. 2 and dismissing that proceeding, and substituting therefor a provision severing Proceeding No. 2; as so modified, the judgment is affirmed, without costs or disbursements, and Proceeding No. 2 is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

Proceeding No. 3 was untimely (*see,* Election Law § 16-102 [2]). In light of this determination, the contentions with regard to Proceeding No. 1 are academic.

The court erred in declining to reach the merits of the issues raised by the petition in Proceeding No. 2 to validate a certificate nominating Vivian M. Fisher as a candidate of the Independence Party for the Public Office of County Legislator, Fifth Legislative District. Accordingly, the matter is remitted for a determination as to whether proxy voting is permitted at a county committee organizational meeting and, if necessary, for a hearing to resolve any factual issues raised by the pleadings. Santucci, J. P., Joy, Friedmann and Florio, JJ., concur.