■ In the Matter of CHRISTOPHER D. BODKIN et al., Respondents, v ROBERT GARFINKLE et al., Respondents, and SUFFOLK COUNTY BOARD OF ELECTIONS et al., Appellants. [800 NYS2d 598]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Christopher D. Bodkin and Steven J. Flotteron as candidates in a primary election to be held on September 13, 2005, for the nomination of the Republican Party as its candidates for the public office of Councilman of the Town of Islip, (1) Frank V. Smith appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), dated August 15, 2005, (2) the Suffolk County Board of Elections appeals from an order of the same court also dated August 15, 2005, and (3) Frank V. Smith and the Suffolk County Board of Elections separately appeal from a final order of the same court dated August 19, 2005, which granted the petition, vacated a determination of the Suffolk County Board of Elections that the designating petition was invalid, and directed the Suffolk County Board of Elections to place the petitioners' names on the primary ballot.

Ordered that the appeals from the intermediate orders dated August 15, 2005, are dismissed, without costs or disbursements; and it is further,

Ordered that the final order dated August 19, 2005, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The appeals from the intermediate orders dated August 15, 2005, must be dismissed because the right of direct appeal therefrom terminated with the entry of the final order in the proceeding (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeals from the final order (see CPLR 5501 [a] [1]).

The Supreme Court properly denied the motion of Frank V. Smith to dismiss the proceeding. Filing and service of the petition were properly effectuated (see Matter of Previdi v Matthews, 185 AD2d 962 [1992]). While a validating petition "must specify the individual determinations by the Board of Elections . . . that the candidate claims were erroneous, or the signatures

that the candidate claims the Board improperly invalidated" (*Matter of Jannaccio v Board of Elections of City of N.Y.*, 297 AD2d 355, 355 [2002]), the Suffolk County Board of Elections (hereinafter the Board) did not specify what objections were sustained, and made only a determination that the designating petition was invalid, without providing the candidates with the basis for that determination. Thus, under the circumstances, the petition to validate was sufficiently specific. The remaining contentions with respect to the denial of the motion to dismiss are without merit.

However, the Supreme Court erred in vacating the Board's determination and in granting the petition to validate the designating petition without addressing the objections timely filed. Thus, we remit the matter to the Supreme Court, Nassau County, for a line-by-line consideration of the designating petition in light of the specific objections (*see Matter of Smith v Marchi*, 143 AD2d 239 [1988]; *Matter of Flowers v Wells*, 57 AD2d 636 [1977]).

The Board's remaining contention is academic. H. Miller, J.P., Cozier, Crane and Rivera, JJ., concur.