In two proceedings pursuant to Election Law § 16-102, inter *649 alia, to invalidate a petition designating Ethan D. Irwin as a candidate in a primary election to be held on September 14, 2010, for the nomination of the Democratic Party as its candidate for the public office of State Senator for the 6th Senatorial District, and two related proceedings to validate that designating petition, Kim Conyers, Scott M. Milano, Matthew G. Pangburn, Thomas Falbo, and David L. Mejias appeal from a final order of the Supreme Court, Nassau County (Adams, J.), dated August 16, 2010, which adopted a finding of the same court (Speziale, Ct. Atty. Ref.), that the designating petition contained the required number of valid signatures, granted the petitions to validate the designating petition, and dismissed the petitions to invalidate the designating petition.
Ordered that the final order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings before a different court attorney referee, to be held forthwith, in accordance herewith.
After the Nassau County Board of Elections (hereinafter the Board of Elections) invalidated the subject designating petition on the ground that it did not have a sufficient number of valid signatures, a line-by-line review of the designating petition was commenced by a court attorney referee, with counsel present, on Friday, August 13, 2010. On that date, the court attorney referee reviewed approximately 11 of the 190 pages of the designating petition. On Monday, August 16, 2010, the court attorney referee stated on the record that, over the weekend, he reviewed a substantial number of the remaining pages of the designating petition and found that the designating petition contained a minimum of 1,100 valid signatures. However, he did not indicate how he came to that conclusion. Since 1,000 signatures were required (see Election Law § 6-136 [2] [h]), the court attorney referee found that Ethan D. Irwin was entitled to be designated as a candidate in a primary election to be held on September 14, 2010, for the nomination of the Democratic Party as its candidate for the public office of State Senator for the 6th Senatorial District. The Supreme Court adopted the finding of the court attorney referee.
On this record, there is no basis to determine which signatures were found to be valid or invalid by the court attorney referee during his independent review of the designating petition. Thus, we cannot adequately review the finding of the court attorney referee. Further, the court attorney referee did not inform the parties or counsel that he would be making a finding as to the validity of signatures outside of the presence of counsel, at a *650 time when the Board of Elections was closed. Thus, under the particular circumstances of this case, we remit the matter to the Supreme Court, Nassau County, for a de novo line-by-line hearing, before a different court attorney referee, and thereafter, a new determination by the Supreme Court Justice (see Matter of Bodkin v Garfinkle, 21 AD3d 571 [2005]).
We reject the contention of Ethan D. Irwin that Election Law § 6-130 is unconstitutional (see Matter of Stark v Kelleher, 32 AD3d 663, 665 [2006]). Rivera, J.P., Santucci, Angiolillo, Eng and Hall, JJ., concur.