In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Francesca Carlow as a candidate in a primary election to be held on September 14, 2010, for the nomination of the Democratic Party as its candidate for the public office of State Senator for the 6th Senatorial District, and a related proceeding, among other things, to validate that designating petition, Natasha M. Olenick, Kristen McElroy, Kim Conyers, David L. Mejias, Matthew G. Pangburn, Clive Cosson, Thomas Falbo, and Scott M. Milano appeal from a final order of the Supreme Court, Nassau County (Adams, J.), dated August 24, 2010, which adopted a finding of the same court (Shifrin, Ct. Atty. Ref.), in effect, that the designating petition contained the required number of valid signatures, granted the petition to validate the designating petition, and, in effect, denied the petition to invalidate the designating petition and dismissed that proceeding.
Ordered that the final order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith, to be held forthwith.
In a proceeding where the validity of a designating petition is at issue (see Election Law § 16-102), a court must determine, after consideration of the evidence before it, the merits of all of the contested objections material to the validity of the designating petition (see Matter of Richards v Board of Elections of City of NY., 54 AD3d 430, 431 [2008]; Matter of Bodkin v Garfinkle, 21 AD3d 571, 572 [2005]; Matter of Starr v Board of Elections of City of N.Y., 89 AD2d 990 [1982]). Where the record on appeal contains no basis upon which this Court may adequately review the factual findings and determinations underlying the ultimate disposition of the proceeding, remittal may be appropriate (see Matter of Scaturro v Maloney, 76 AD3d 688, 689-691 [2d Dept 2010]; Matter of Carlow v Irwin, 76 AD3d 648, 649-650 [2d Dept 2010]; see generally Matter of New York Water Serv. Corp. v Water Power & Control Commn., 283 NY 23 [1940]; accord Matter of Gravagna v Board of Elections of City of N.Y., 21 AD3d 504, 504-505 [2005]; Matter of Klein v Garfinkle, 12 AD3d 604, 605 [2004]; Matter of MacKay v Ransome, 257 AD2d 552, 553 [1999]; cf. Matter of Syracuse Aggregate Corp. v Weise, 51 NY2d 278, 283-284 [1980]).
In this case, there is no indication that the merits of all of the *713 contested objections material to the validity of the designating petition were determined prior to the Supreme Court’s validation of the designating petition (see Matter of Richards v Board of Elections of City of N.Y., 54 AD3d at 431; Matter of Bodkin v Garfinkle, 21 AD3d at 572). In any event, “[o]n this record, there is no basis to determine which signatures were found to be valid or invalid by the Court Attorney Referee during his independent review of the designating petition” (Matter of Carlow v Irwin, 76 AD3d 648, 649-650 [2010]; see Matter of Scaturro v Maloney, 76 AD3d 688, 689-691 [2010]).
The candidate’s remaining contentions are without merit.
Thus, under the particular circumstances of this case, we remit the matter to the Supreme Court, Nassau County, for a line-by-line hearing as to any contested signatures for which a hearing was not held and a determination with factual findings by the Court Attorney Referee as to which of all the contested signatures were valid or invalid, and thereafter, a new determination by the Supreme Court Justice. Angiolillo, J.P., Dickerson, Eng, Belen and Lott, JJ., concur.