(October 9, 2015)

■ In the Matter of ANTHONY SCANNAPIECO, as a Commissioner of the Putnam County Board of Elections, Appellant, v JOHN F. RILEY et al., Respondents, et al., Respondents. [17 NYS3d 323]—

In a proceeding pursuant to Election Law article 16, inter alia, to invalidate a certificate of nomination naming John F. Riley, Maureen A. Fleming, Dale Cusak, Nancy C. Sorbella, Andrew I. Falk, Samuel J. Oliverio, Jr., Sherry A. Howard, Cathy Hanson, Lynne A. Eckardt, John J. Lord III, and Louis R. Ciaramella as candidates of the Women's Equality Party for certain public offices in a general election to be held on November 3, 2015, Anthony Scannapieco, in his capacity as a Commissioner of the Putnam County Board of Elections, appeals, as limited by his brief, from so much of a final order of the Supreme Court, Putnam County (Lubell, J.), dated September 28, 2015, as granted the motion of the Women's Equality Party, Rachel Gold, and Kathleen Joy, and the separate motion of Catherine Croft, in her capacity as a Commissioner of the Putnam County Board of Elections, to dismiss the petition insofar as asserted against each of them pursuant to CPLR 3211 (a) (3).

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

Anthony Scannapieco, in his capacity as a Commissioner of the Putnam County Board of Elections (hereinafter the PCBOE), commenced this proceeding seeking, inter alia, to invalidate a certificate of nomination naming John F. Riley, Maureen A. Fleming, Dale Cusak, Nancy C. Sorbella, Andrew I. Falk, Samuel J. Oliverio, Jr., Sherry A. Howard, Cathy Hanson, Lynne A. Eckardt, John J. Lord III, and Louis R. Ciaramella as candidates of the Women's Equality Party for certain public offices in a general election to be held on November 3, 2015. In his capacity as a Commissioner of the PCBOE, Scannapieco lacked the authority to unilaterally act

for the PCBOE, since by statute, all actions by a board of elections require a majority vote of the commissioners (*see* Election Law § 3-212 [2]; *Gagliardo v Colascione*, 153 AD2d 710 [1989]; *Matter of Buhlmann v Wilson*, 96 Misc 2d 616, 618 [1978]; *see also Matter of County of Nassau v State of New York*, 100 AD3d 1052, 1054 [2012]; *cf. Matter of Graziano v County of Albany*, 3 NY3d 475 [2004]). Moreover, in his capacity as a Commissioner of the PCBOE, Scannapieco lacked standing to commence this proceeding pursuant to Election Law article 16 (*see* Election Law § 16-102 [1]; *Matter of Ward v Mohr*, 109 AD3d 694, 695-696 [2013]).

Accordingly, the Supreme Court properly granted the motion of the Women's Equality Party, Rachel Gold, and Kathleen Joy, and the separate motion of Catherine Croft, in her capacity as a Commissioner of the PCBOE, to dismiss the petition insofar as asserted against each of them pursuant to CPLR 3211 (a) (3). Mastro, J.P., Hall, Maltese and Barros, JJ., concur.