Matter of Cox v Spoth (2018 NY Slip Op 07233)





Matter of Cox v Spoth


2018 NY Slip Op 07233


Decided on October 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


1256.2 CAE 18-01945

[*1]IN THE MATTER OF EDWARD F. COX AND JEFFREY C. ZEPLOWITZ, PETITIONERS-RESPONDENTS,
v
FRANCINA J. SPOTH, ERIE COUNTY DEMOCRATIC PARTY, JEREMY J. ZELLNER, RESPONDENTS-APPELLANTS, ERIE COUNTY BOARD OF ELECTIONS, RESPONDENT-RESPONDENT, ET AL., RESPONDENTS.






JEROME D. SCHAD, WILLIAMSVILLE, FOR RESPONDENTS-APPELLANTS. 
BOUVIER LAW LLP, BUFFALO (JOSEPH P. HEINS OF COUNSEL), FOR PETITIONERS-RESPONDENTS.
MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (JEREMY TOTH OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered October 12, 2018 in a proceeding pursuant to Election Law article 16. The order, inter alia, granted the petition and a determined that the certificate of nomination of Francina J. Spoth as a Democratic Party candidate for the public office of Town Clerk of the Town of Amherst is invalid. 
It is hereby ORDERED that said appeal insofar as taken by Jeremy J. Zellner is unanimously dismissed and the order is affirmed without costs.
Memorandum: Petitioners commenced this proceeding pursuant to Election Law § 16-102 seeking an order invalidating a certificate of nomination nominating respondent Francina J. Spoth as a Democratic Party candidate for the public office of Town Clerk of the Town of Amherst, and restraining respondent Erie County Board of Elections (Board), consisting of commissioners Ralph M. Mohr and Jeremy J. Zellner, from placing Spoth on the general election ballot. Petitioners alleged that respondent Erie County Democratic Party (Democratic Party) violated Election Law § 6-116 because the outgoing Democratic Party Executive Committee (Executive Committee), rather than the "last elected" incoming Executive Committee, issued the certificate of nomination. Supreme Court granted the petition, and Spoth, Jeremy J. Zellner, and the Democratic Party appeal. We affirm.
Initially, we note that Zellner, in his individual capacity, is not a party to this proceeding and lacks authority to act unilaterally on behalf of the Board (see generally Matter of Scannapieco v Riley, 132 AD3d 705, 705-706 [2d Dept 2015]). Thus, we dismiss the appeal to the extent that it was purportedly taken by Zellner (see Skay v Public Lib. of Rockville Ctr., 238 AD2d 397, 397 [2d Dept 1997]).
Contrary to the contention of Spoth and the Democratic Party (respondents-appellants), we conclude that petitioners were not required to serve Zellner with a copy of the order to show cause and petition. As noted, Zellner was not named as a party to this proceeding in his individual capacity and, instead, was named only in his official capacity as a commissioner of the Board. Inasmuch as the record establishes that petitioners served the Board and the other named respondents with process, the court properly determined that all named respondents were served.
We further conclude that petitioners had standing to commence this proceeding, notwithstanding the fact that neither petitioner is a member of the Democratic Party, because petitioner Edward F. Cox is the chairman of a party committee, petitioner Jeffery C. Zeplowitz is an aggrieved candidate, and petitioners' challenge is based on the alleged failure of the Democratic Party to comply with the Election Law and not on a failure to comply with the internal rules of the Democratic Party or the Executive Committee (see Election Law § 16-102 [1]; Matter of Ciccotti v Havel, 186 AD2d 979, 979 [4th Dept 1992], lv denied 80 NY2d 754 [1992]; see also Matter of Liepshutz v Palmateer, 112 AD2d 1098, 1099-1100 [3d Dept 1985], affd 65 NY2d 963 [1985]; Matter of Lavell v Baker, 153 AD3d 1135, 1136 [4th Dept 2017], lv dismissed and denied 29 NY3d 1100 [2017]; Matter of Swarts v Mahoney, 123 AD2d 520, 520 [4th Dept 1986], lv denied 68 NY2d 605 [1986]). Moreover, we conclude that Cox's failure to verify the petition is of no moment because he is united in interest with Zeplowitz, who did verify the petition (see Matter of Glowacki v Smolinski, 89 AD2d 1053, 1053 [4th Dept 1982], lv denied 57 NY2d 605 [1982]; see generally CPLR 3020 [d]; Matter of McKinney v Relin, 197 AD2d 839, 839 [4th Dept 1993], lv dismissed 82 NY2d 748 [1993]).
We reject respondents-appellants' contention that petitioners' failure to join the Executive Committee as a necessary party requires dismissal of the petition. Although the certificate of nomination was filed by the outgoing Executive Committee and petitioners named instead the Democratic Party as a respondent to this proceeding, we conclude that the Executive Committee's interests are "adequately represented" by the Democratic Party (Matter of Marafito v McDonough, 153 AD3d 1123, 1125 [3d Dept 2017]; see Matter of Max v Ward, 107 AD3d 1597, 1599 [4th Dept 2013]; Matter of Snell v Young, 88 AD3d 1149, 1150 [3d Dept 2011], lv denied 17 NY3d 715 [2011]).
Finally, we reject respondents-appellants' contention that the certificate of nomination was valid. "With the election of a new County Committee in a primary election, the old County Committee [becomes] functus officio and no rule of the old county committee could extend the authority of its executive committee to continue to exercise functions in substantial matters after their successors as a county committee had been elected' " (Matter of Mazur v Kelly, 170 AD2d 1037, 1038 [4th Dept 1991], lv denied 77 NY2d 804 [1991]). Nonetheless, an outgoing executive committee has the authority to file a certificate of nomination if it was "effectively impossible to canvass and certify the newly elected committee members, convene an organizational meeting, elect a [new executive committee], and file a proper certificate of nomination" within the applicable time frame (Matter of Settineri v DiCarlo, 197 AD2d 724, 728 [2d Dept 1993, Balletta, J.P., dissenting], revd on dissenting op below 82 NY2d 813, 816 [1993]).
Here, the primary election took place on September 13, 2018, the vacancy in the public office of Town Clerk of the Town of Amherst occurred on September 18, 2018, and the outgoing Executive Committee filed the certificate of nomination on September 19, 2018 even though the 14-day deadline by which to file a certificate of nomination was October 2, 2018 (see Election Law § 6-158 [6]). The Democratic Party held its organizational meeting on September 22, 2018, thus demonstrating that its newly elected committee members had been canvassed and certified (see generally Election Law §§ 2-112 [1];
9-200 [1]; Settineri, 197 AD2d at 728). The subcommittee meetings, however, could be held only after the organizational meeting and on four days' written notice, and we therefore agree with respondents-appellants that the subcommittee meetings could have been held no earlier than September 26, 2018. Thus, the Democratic Party had six days within which to convene its incoming Executive Committee and file a proper certificate of nomination, yet it failed to do so.
We note that the Democratic Party could have held its organizational meeting on September 14, 2018, the day after the primary election, as the Republican and Conservative parties did. Although the outgoing Town Clerk publicly announced in August 2018 that she would be resigning effective September 18, 2018, the Democratic Party waited until September 22 to hold its organizational meeting, thereby shortening by eight days the time within which it could file a proper certificate of nomination.
Inasmuch as the record establishes that it was not "effectively impossible" to timely convene an incoming Executive Committee, we conclude that the court properly invalidated the certificate of nomination (cf. Settineri, 197 AD2d at 726-728).
Entered: October 25, 2018
Mark W. Bennett
Clerk of the Court